# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DODY LEE KINZIE,** | ) |
| | ) |
| Plaintiff, | )   4:10CV3223 |
| | ) |
| V. | ) |
| | ) |
| **SOCIAL SECURITY** | )   MEMORANDUM AND ORDER |
| **ADMINISTRATION, Michael J.** | ) |
| **Astrue, Commissioner,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Dody Lee Kinzie ("Kinzie") seeks review of the Commissioner of the Social Security Administration's decision to deny her application for disability benefits. For the following reasons, the Commissioner's decision will be affirmed.

### BACKGROUND

On April 16, 2007, Kinzie applied for benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401, *et seq.*, and for Supplemental Security Income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* alleging that since March 31, 1995, she has been unable to engage in any type of substantial and gainful work activity due to debilitating neck pain. Kinzie's application was denied initially and on reconsideration. Subsequently, she appealed the denial to an administrative law judge ("ALJ").

An administrative hearing was held on October 22, 2008, before the ALJ. Kinzie was present at the hearing and was represented by her former attorney, Kimberly F. Long. Both Kinzie and Gail F. Leonhardt, a vocational expert, testified at the hearing.

The ALJ issued an unfavorable decision on February 19, 2009, concluding that Kinzie is not "disabled" within the meaning of the Act. In his decision, the ALJ evaluated Kinzie's

disability claim by following the five-step sequential analysis prescribed by the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520 and 416.920. In doing so, the ALJ found, in summary, as follows:

1. Kinzie does not meet the insured status requirements of Title II of the Act for disability benefits, and last met those requirements and was insured for disability benefits under Title II of the Act on March 31, 2003. (Tr. 18.)

2. Kinzie has not performed substantial gainful work activity since March 31, 1995. (*Id.*)

3. Kinzie has the following severe impairments: neck pain and joint pain with osteoarthritis. (Tr. 19.)

4. Kinzie does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* (citing 20 C.F.R. §§ 404.1525, 404.1526, 416.925 and 416.926).)

5. Kinzie has the residual functional capacity[1] ("RFC") to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (*Id.*)

6. Kinzie is capable of performing past relevant work as a housekeeper as this work does not require the performance of work-related activities precluded by her residual functional capacity. (Tr. 21.)

7. Kinzie is not disabled and has not been under a disability, as defined in the Social Security Act, from March 31, 1995, through February 19, 2009. (*Id.*)

---

[1] The term "residual functional capacity" describes the type of work a claimant is able to perform despite limitations caused by the claimant's impairments. *See* 20 C.F.R. § 404.1545(a).

In reaching these conclusions, the ALJ made the following specific finding regarding the credibility of Kinzie's testimony during the administrative hearing:

> I discount and give no weight to the claimant's testimony and subjective complaints in my assessment because I find her not fully credible. Although the claimant alleges chronic, debilitating pain, she has not sought out *any* medical treatment in many years. Surely if the claimant experienced a significant level of pain and functional limitation she would seek out medical care. In addition, the undersigned notes that the claimant has indicated that she can perform a fairly full range of household tasks, which suggests that her complaints of chronic pain are not credible. Finally, the record indicates that the claimant has made several attempts to work, and there is no indication that she stopped working due to her impairments. These periods of work indicate that the claimant's subjective complaints are not entitled to significant evidentiary weight.

(*Id.* at 20-21.)

Kinzie asked the Appeals Council to review the ALJ's unfavorable decision, and the Council granted the request. The Council affirmed the ALJ's findings 1 through 5. The Council modified findings 6 and 7 and added findings 8 and 9 as follows:

6. Kinzie cannot perform past relevant work. (Tr. 11.)

7. At all times relevant to the hearing decision, Kinzie was a younger individual with a limited education. Transferability of skills is not currently material. (*Id.*)

8. Kinzie's medical-vocational profile coincides with the criteria of Rule 202.18 of Table 2 of Appendix 2, Subpart P, 20 C.F.R. Part 404, which directs a conclusion of not disabled. (*Id.*)

9. Kinzie has not been under a disability as defined in the Social Security Act through the date of the hearing decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)). (*Id.* at 12.)

**DISCUSSION**

A denial of Social Security benefits by the Commissioner will be affirmed "so long as the Commissioner's decision . . . 'is supported by substantial evidence on the record as a whole.'" *England v. Astrue*, 490 F.3d 1017, 1019 (8th Cir. 2007) (quoting *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005)). This standard is "less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Although the court will "'consider both evidence that detracts from and evidence that supports the Commissioner's decision[,]'" the Commissioner's decision will not be reversed merely because substantial evidence supports a contrary outcome. *England*, 490 F.3d at 1019 (quoting *Stormo v. Barnhart*, 377 F.3d 801, 805 (8th Cir. 2004)).

In addition, the court must review the decision of the Commissioner to decide whether the proper legal standard was applied in reaching the result. *Smith v. Sullivan*, 982 F.2d 308, 311 (8th Cir. 1992). All issues of law will be reviewed *de novo*. *See Miles v. Barnhart*, 374 F.3d 694, 698 (8th Cir. 2004). Findings of fact, however, are considered conclusive if supported by substantial evidence on the record as a whole. *See Renfrow v. Astrue*, 496 F.3d 918, 920 (8th Cir. 2007). Further, the court will "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).

The Social Security Administration uses a five-step process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520 and 416.920.

> At the first step, the claimant must establish that he has not engaged in substantial gainful activity. The second step requires that the claimant prove he has a severe impairment that significantly limits his physical or mental ability to perform basic work activities. If, at the third step, the claimant shows that his impairment meets or equals a presumptively disabling impairment listed in the regulations, the analysis stops and the claimant is automatically found disabled and is entitled to benefits. If the claimant cannot carry this burden, however, step

4

> four requires that the claimant prove he lacks the RFC to perform his past relevant work. Finally, if the claimant establishes that he cannot perform his past relevant work, the burden shifts to the Commissioner at the fifth step to prove that there are other jobs in the national economy that the claimant can perform.

*Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006).

Here, the Appeals Council affirmed the ALJ's findings under steps 1, 2, and 3 of the sequential analysis; namely, that (1) Kinzie has not engaged in substantial gainful activity since March 31, 1995, (2) Kinzie has severe impairments, and (3) Kinzie's impairments do not meet or equal in severity a presumptively disabling impairment listed in the regulations. (Tr. 10-11.) At step 4 of the analysis, the Appeals Council affirmed the ALJ's finding that Kinzie can perform a full range of light work activity, but concluded that the ALJ's finding that Kinzie had past relevant work was erroneous. (Tr. 11.) Because the Appeals Council concluded that Kinzie had no past relevant work, at step 5 of the analysis, the burden shifted to the Commissioner to show that other jobs exist in significant numbers in the national economy that Kinzie could perform given her RFC, age, education, and work experience. (Tr. 11.)

After a review of the record, the Appeals Council concluded that the Commissioner met this burden. (Tr. 11.) In reaching this conclusion, the Appeals Council relied on the following facts: Kinzie had the RFC to perform a full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b); at the time of the ALJ's decision, Kinzie was forty-one years of age, which is considered a younger individual for purposes of this analysis; Kinzie had a limited education having completed the tenth grade; and Kinzie had acquired some skills as a certified nursing assistant. (Tr. 11.) Based on these findings, the Appeals Council found that Kinzie was not disabled and cited the criteria of Rule 202.18 of Table 2 of Appendix 2, Subpart P, 20 C.F.R. Part 404, as dispositive of the issue. (Tr. 11.)

In her appeal, Kinzie argues the following errors: (A) "the ALJ, in his decision left in place by the Appeals Council, did not properly develop the record by purchasing a psychological examination which would include IQ testing" and "erred by not fully

5

developing the medical record by failing to obtain the report of the X-rays of [Kinzie] . . . ."; (B) when considering Kinzie's RFC, the ALJ and Appeals Council erred by failing to "consider all of [Kinzie's] medically documented limitations . . . ."; and (C) the ALJ did not properly apply the factors required under *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) "when determining the credibility of [Kinzie's] subjective allegations of her physical and mental condition as to her limitations, restrictions and work activity." (Filing 28, Ex. 1 at CM/ECF pp. 7-8.) The court will address each of the assigned errors in turn.

### A. *Failure to further develop the record*

Kinzie argues that the ALJ failed to properly develop the record. Specifically, Kinzie argues that the ALJ should have (1) ordered psychological testing, including an IQ test, (2) obtained the results of x-rays[2] ordered by Ruilin Wang, M.D., and (3) ordered additional consultative examinations. (*Id.* at CM/ECF pp. 10, 11.) The court finds Kinzie's arguments in this regard without merit.

The ALJ has a duty to develop the record fully and fairly, however, it is the claimant's responsibility to provide medical evidence to show that he or she is disabled. 20 C.F.R. §§ 404.1512, 416.912. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006) ("Although the record does not show why that evaluation was not completed, [the claimant] has the burden to offer the evidence necessary to make a valid decision about her claim.") On appeal, reversal due to failure to develop the record is only warranted if such failure is unfair or prejudicial. *Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

In regard to the necessity of an IQ test, Kinzie argues that her IQ may be low enough

---

[2]Dr. Wang performed a consultative examination on Kinzie at the request of the Disability Determination Section on June 18, 2007, and ordered an x-ray of Kinzie's neck (PA and lateral) after making a preliminary diagnosis of chronic neck pain and non-specific multiple joint pain. (Tr. 90-94.)

6

to qualify her for benefits under Listing 12.05C, which requires proof of an IQ under 70.[3] In support of her argument, Kinzie points to the fact that she received special education assistance in high school and only completed the tenth grade, and that her attorney requested psychological testing for the purpose of having her case considered under the requisites of Listing 12.05C. The court finds this argument unpersuasive for several reasons. First, and foremost, the record establishes that Kinzie passed the examination to become a Certified Nursing Assistant ("CNA"). (Tr. 78, 284.) Further, Kinzie worked as a CNA for three years in a nursing home. (Tr. 78, 284.) Second, the record establishes that Kinzie functions independently and requires no significant assistance. (Tr. 73-77.) Finally, Kinzie's participation in, and, in particular, her ability to testify during the administrative hearing before the ALJ, serves as evidence of her mental abilities. (Tr. 275-306.) Accordingly, the court concludes that an IQ test was not essential to develop a full and fair record and, therefore, Kinzie was not prejudiced by the ALJ's failure to order such test.

In regard to the neck x-rays ordered by Dr. Wang, the ALJ made a factual finding that Kinzie never returned to Dr. Wang's office for the x-rays. (Tr. 20.) This factual finding is supported by substantial evidence in the record. First, in July of 2007, when the Disability Determination Section ("DDS") inquired about the status of the x-rays, Dr. Wang's office told DDS that Kinzie never returned to Dr. Wang's office for the x-rays. (Tr. 97.) Second, the record indicates that Dr. Wang's office never billed DDS for an x-ray examination of Kinzie. (Tr. 96-97.) Finally, Kinzie's assertion that Dr. Wang's office did complete the x-ray examination is unpersuasive because the ALJ specifically found such assertions were not credible. (Tr. 20); *see Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) ("This court will not substitute its opinion for the ALJ's, who is in a better position to gauge credibility and resolve conflicts in evidence.").

Kinzie also appears to argue that Dr. Wang's consultative examination was insufficient. (Filing 28, Ex. 1 at CM/ECF p. 10 ("[O]ne such examination was purchased and

---

[3]To qualify as disabled under Listing 12.05C, in addition to an IQ under 70, the claimant must suffer from an additional physical or mental impairment causing significant work-related limitation. 20 C.F.R. Pt. 404, Subpt. P, App. 1.

7

performed by a family practice doctor, but resulted in more questions than answers.").) However, Kinzie's argument in this regard is difficult to discern. Kinzie provided no citation to the record to support her position that Dr. Wang's examination "resulted in more questions than answers" and failed to identify any specific deficiency in Dr. Wang's report. In short, Kinzie has pointed to no evidence that the ALJ failed to fully and fairly develop the record in the instant matter.

### B.   *Failure to consider all medically documented limitations*

Kinzie next argues that the ALJ improperly formulated her RFC by failing to fully consider Dr. Glen Knosp's medical opinion relating to Kinzie's limitations. After reviewing the record and relevant authority, the court concludes that when determining the RFC in this case, the ALJ fully considered and gave proper weight to Dr. Knosp's report.

Dr. Knosp, a medical consultant at the DDS, opined that Kinzie could lift 20 pounds occasionally and 10 pounds frequently; could stand, walk or sit about 6 hours in an 8-hour workday; could frequently balance; and could occasionally crawl, crouch, kneel, stoop or climb. (Tr. 106-07.) Dr. Knosp noted no limitations in reaching, handling, fingering or feeling and found Kinzie had full muscle strength in her hands and upper extremities. (Tr. 108, 112.) Although Dr. Knosp's report indicates that Kinzie's ability to push and/or pull is limited in upper extremities, when considered in the context of the entire assessment, the court concludes that this is not inconsistent with the ALJ's statement that Kinzie "can push and pull . . . without *significant* limitation." (Tr. 20.) Contrary to Kinzie's argument, the ALJ's conclusion that Kinzie can perform a full range of light work is actually supported by Dr. Knosp's medical opinion. Other evidence in the record, including, but not limited to, Kinzie's lack of medical treatment and her ability to perform light work after her alleged disability onset date, further supports the ALJ's RFC determination.

Kinzie also complains that the Appeals Council improperly used the Medical-Vocational Guidelines to direct a finding of no disability. Kinzie maintains that her alleged nonexertional limitations - specifically, "limitations with the use of the upper extremities for pushing and pulling as well as postural limitations" - precluded use of the Guidelines.

8

"When a claimant suffers from a nonexertional impairment on his ability to perform the full range of work contemplated by the Guidelines, the ALJ must not rely on the Guidelines to satisfy the Secretary's burden of proof, but must instead produce vocational testimony." *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). "However, if the ALJ finds that the claimant's nonexertional impairment does not diminish or significantly limit the claimant's residual functional capacity to perform the full range of Guideline-listed activities, the ALJ may apply the Guidelines in spite of a nonexertional impairment." *Id*. As explained above, the ALJ properly considered all of Kinzie's limitations and concluded that she retained the ability to perform a full range of light work. Accordingly, it was proper for the Appeals Council to rely on the Guidelines.

### C.     *Kinzie's Credibility*

Finally, Kinzie argues that the ALJ erred in finding her statements about the severity of her symptoms not credible. To assess a claimant's credibility, the ALJ must consider all of the evidence, including prior work records and observations by third parties and doctors regarding daily activities, the duration, frequency, and intensity of pain, precipitating and aggravating factors, the dosage, effectiveness, and side effects of medication, and functional restrictions. *Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). The ALJ may not discount a claimant's complaints solely because they are not fully supported by the objective medical evidence, but the complaints may be discounted based on inconsistencies in the record as a whole. *Id*. at 972. Where adequately explained and supported, credibility findings are for the ALJ to make. *Id*. (citing *Tang v. Apfel*, 205 F.3d 1084, 1087 (8th Cir. 2000)). In evaluating Kinzie's credibility, the ALJ considered numerous factors, including Kinzie's medical records, her own testimony, and her work history. (Tr. 20-21.) Although the ALJ did not explicitly discuss each of the so-called *Polaski* factors, such detail is not required. *See Samons v. Astrue*, 497 F.3d 813, 820 (8th Cir. 2007) ("[W]e have not required the ALJ's decision to include a discussion of how every *Polaski* 'factor' relates to the claimant's credibility."). As a whole, the evidence provides substantial support to the ALJ's determination that Kinzie is not credible.

Kinzie's own testimony and her medical records support the conclusion that her

9

physical impairments are not as severe as she claims. First, Kinzie admits that she cleans her house and runs errands, including cooking food and washing dishes. (Tr. 112.) Moreover, as noted by the ALJ, despite Kinzie's assertion of "chronic, debilitating pain, she has not sought *any* medical treatment in many years." (Tr. 20.) The Eighth Circuit Court of Appeals has held that a claimant's willingness to submit to treatment is a proper consideration in evaluating the claimant's credibility. *See* Gray v. Apfel, 192 F.3d 799, 804 (8th Cir. 1999). According to Kinzie's medical records, other than one visit to a chiropractor, she has not obtained any treatment, surgery or physical therapy. (Tr. 20.) Further, as noted by the ALJ, Kinzie failed to appear for an x-ray that Dr. Wang ordered during his examination. *See* Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment also weighs against a claimant's credibility").

In addition, Kinzie's multiple work attempts since her alleged onset of disability, as well as the fact that she did not stop working due to her alleged disability, support the ALJ's credibility determination. Kinzie worked full-time as a home attendant and housekeeper, and part-time as a laundry worker, after her alleged onset of disability. (Tr. 19, 78, 283-84.) Further, Kinzie did not indicate that she left any of these positions due to her alleged disability. (Tr. 120-25.) Kinzie's ability to work these jobs is inconsistent with her accounts of suffering from debilitating pain.

The ALJ is responsible for deciding questions of fact, including the credibility of a claimant's subjective testimony about his or her limitations. *See* Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination." *Id. at 714.* In this case, substantial evidence in the record supports the ALJ's decision to discount Kinzie's testimony. As such, this court defers to the ALJ's credibility finding.

## CONCLUSION

For the reasons stated, and after careful consideration of each argument presented in Kinzie's brief, I find that the Commissioner's decision is supported by substantial evidence on the record as a whole and is not contrary to law.

Accordingly,

**IT IS ORDERED** that judgment shall be entered by separate document providing that the decision of the Commissioner is affirmed.

**October 4, 2011.**

> **BY THE COURT:**
>
> **S/ F.A. Gossett**
> **United States Magistrate Judge**

11